IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SOUTHERN WATER MANAGEMENT, INC., k/k/a SYNERGY CHEMICALS, INC. and SYNERGY CHEMICALS PIPELINE DIVISION, INC., )))))) | |
| Plaintiffs, ) | |
| vs. ) | Civil Action No.: 05-0357-BH-C |
| BRYAN GIPSON, KEVIN ANASTON, MARTIN C. STEPHENS, CHEM TECHNOLOGIES OF MISSISSIPPI, INC. )))) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiffs' Motion (Doc. 10) to Remand this case back to the Circuit Court of Baldwin County, Alabama. Defendants filed a Response (Doc. 14) to the Motion and Plaintiffs, in turn, filed a Reply (Doc. 16) to Defendants' Response. Based on the pleadings before us and all evidence submitted therewith, the Court finds that Plaintiffs' Motion to Remand is **due to be GRANTED**.

Defendants removed this case to federal jurisdiction on June 20, 2005 citing the presence of a federal question, pursuant to 28 U.S.C. §1331, and the original and exclusive jurisdiction of federal district courts over questions involving patent laws, pursuant to 28 U.S.C. §1338(a). (Defs.' Notice of Removal, Doc. 1, p. 1-2). Defendants allege that when Plaintiffs amended their Complaint to include a claim of

conversion of "work product; chemical formulas and processes; and job files, photographs, confidential and proprietary data from customer jobs," Plaintiffs were actually asserting a claim of patent infringement under 35 U.S.C. §271. (Defs.' Notice of Removal, ¶1). Defendants further state that Plaintiffs' claim for conversion of "chemical formulas and processes" will necessarily implicate federal patent laws. (*Id*. at ¶5).

The Court recognizes that "[a] claim arises under the patent law if patent law creates the causes of action or is a necessary element of one of the well-pleaded claims." *Jim Arnold Corp. v. Hydrotech Systems*, 109 F.3d 1567, 1571-72 (Fed. Cir. 1997). However, in the instant case, federal patent law does not seem to create any of Plaintiffs' causes of action nor serve as a necessary element of them. Defendants' allege that United States Patent No. 6,866,048 (hereinafter, the Patent) covers the chemical formulas and processes at issue in Plaintiffs' claim of conversion. Therefore, they assert, resolution of these claims would require the court to construe ownership and substance of the underlying patent. (Defs.' Resp., Doc. 14, p. 2).

The Court disagrees. As Plaintiffs have stated, the Patent is not at issue nor known to be at issue at this time. (Pl.'s Reply, Doc. 16, p.2). The chemical formula/process contained in the Patent is very specific and limited. *See Id*. Plaintiffs, however, seem to be asserting their claims of conversion and misappropriation of trade secrets based upon Defendants' alleged misuse of a broader group of processes, formulae, applications and inventions for the treatment and elimination of black powder/iron sulfide deposits in both fluid and gas pipelines. *Id*. The issue is further clarified as Plaintiffs assert that their claims for conversion do not allege a conversion of the chemical formula/process contained in the Patent. *Id*. at 2-3. Rather, Plaintiffs' claims of conversion and conspiracy for conversion center predominantly around their proposition that Defendants were marketing products by utilizing the Plaintiffs' job files, photographs and

proprietary data in their advertising. *Id*. Plaintiffs claim that all of the data, job descriptions, photographs, charts and graphs utilized by Defendants belong to the Plaintiffs and are their specific work product. *Id*. at 2-3. Based on this information, it is clear that none of Plaintiffs' state law claims implicate federal patent law. Therefore, federal jurisdiction over this matter is inappropriate and Plaintiffs' Motion (Doc. 10) to Remand this matter to the Circuit Court of Mobile County is **hereby GRANTED**.

**So ORDERED**, this 19th day of September, 2005.

s/ W. B. Hand<br>
SENIOR DISTRICT JUDGE